FILED

**NOT FOR PUBLICATION**

JUL 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD A. BARKER, | No. 07-15100 |
| Petitioner - Appellant, | D.C. No. CV-03-06100-AWI |
| v. | |
| BOARD OF PRISON TERMS; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

California state prisoner Richard A. Barker appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument and therefore denies Barker's request.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Barker contends that the Board's 2001 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The state court did not unreasonably conclude that some evidence supports the Board's decision. *See* 28 U.S.C. § 2254(d); *see also Hayward v. Marshall*, 603 F.3d 546, 562-63, 569 (9th Cir. 2010) (en banc).

Barker also contends that the Board's decision was based on a "no parole" policy. We conclude that the California court's rejection of this claim because Barker failed to provide any supporting evidence was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. §§ 2254(d), (e)(1).

Barker further contends that the Board's decision rendered his sentence disproportionate in violation of the Eighth Amendment. We conclude that the California court's rejection of this claim was also not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C.

---

[1] We certify for appeal, on our own motion, the issues of whether the 2001 decision of the California Board of Prison Terms ("Board") to deny parole violated due process, the Eighth Amendment, and the Ex Post Facto Clause.

07-15100

§ 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (stating that the "gross disproportionality principle reserves a constitutional violation for only the extraordinary case").

Finally, Barker contends that the Board's decision violates the Ex Post Facto Clause because of changes in California's sentencing laws. This contention fails because "the application of the [Determinate Sentencing Law] parole-suitability guidelines to prisoners sentenced under the [Indeterminate Sentencing Law] does not disadvantage them, and therefore does not violate the federal constitutional prohibition against *ex post facto* laws." *Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992).

Barker's remaining contentions are unpersuasive.

We deny Barker's motion for appointment of counsel. We construe his motions for judicial notice as citations of supplemental authorities. *See* Fed. R. App. P. 28(j).

**AFFIRMED.**